### JONATHAN NEWLIN v. ALBERT MURRAY.

If the collection of the money due upon the execution of oldest *teste*, be *enjoined*, such execution is not to be considered in applying the proceeds of a sale made whilst it and other executions were in the hands of the Sheriff.

Process of execution issued during the pendency of an injunction against the collection of the money due upon the judgment, is without effect; and, even if the injunction be dissolved by consent after the sale and before the return of the process, such process will not share in the proceeds.

(*Edney* v. *King*, 4 Ire. Eq. 465, cited and approved.)

RULE upon a sheriff to bring the proceeds of an execution sale into Court, &c., granted by *Tourgee, J.*, at ALAMANCE, Spring Term 1869.

The plaintiff was an execution creditor of one Faucette,

against whom the defendant as Sheriff had sundry executions, under which he had levied and sold, and received the money in dispute.

The reason assigned by the defendant for not applying the money to the execution of the plaintiff, was that at the time of the sale he had in his hands an execution of older teste, in favor of one Lea, and that he had applied the money to that. It was admitted that the collection of this execution had been enjoined, that it was in the hands of the Sheriff by the inadvertence of the Clerk, and that the injunction was pending at the day of sale; but that subsequently, and before the return of the process, by consent, the injunction was dissolved by an order of the Court.

His Honor, considering that this state of facts was no answer to the claim of the plaintiff, made the rule absolute to apply the money to the execution of the plaintiff; and the defendant appealed.

*Phillips & Merrimon*, for the appellant.
*Graham*, contra.

PEARSON, C. J. The clerk or sheriff should not be made parties to a bill for an injunction; they are mere ministers of the law, and have no interest in the controversy. *Edney* v. *King*, 4 Ire. Eq. 465.

If Lea had been attached in contempt for suing out the writs of *ven. ex.*, he could have excused himself by the averment, that the writs had been issued without his instruction or privity. The effect of the injunction was to "tie his hands." He has the injunction bond to look to for any damage in consequence of being put in this condition; and as he could not have been made responsible for, he is not at liberty to take benefit from, the accident that the writs happened to be issued without his knowledge.

The injunction would have protected the sheriff in making a return, "not executed, by order of the Court of Equity," so the writs had no legal effect.

We are unable to perceive how the fact, that after the sale the injunction was dissolved by a *consent* order, can have any effect upon the rights of the parties to this proceeding. It would be a novel application to the doctrine of relation to allow this consent order to have the effect of giving validity to writs, which before had none, against *bona fide* creditors, who had taken judgments and sued out writs of execution.

PER CURIAM,                              Order below affirmed.